IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice L. Morant,<br><br>                     Plaintiff,<br><br>vs.<br><br>Angeline R. Brown;<br>James E. Sligh, Jr.;<br>Joel E. Anderson;<br>Shirley Haitfield;<br>Cpl. Kenneth Baldwin;<br>Sgt. A. Marquez,<br><br>                     Defendants. | C/A No. 0:10-3064-MBS-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Maurice L. Morant, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Trenton Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff files this Complaint claiming due process violations in connection with a disciplinary violation charge and two hearings on that charge that took place at Wateree Correctional Institution on July 5, 2007 and July 11, 2007. He claims that the hearing resulted in loss of 60 days good-time credits and 180 days of restricted privileges. He seeks damages for the alleged due process violations and also asks to have his good time restored. Plaintiff appealed the subject conviction to the South Carolina Administrative Law Court ("ALC")

and that the conviction was affirmed on January 21, 2011.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an

---

[1] This court takes judicial notice of Docket No. 08-ALJ-04-918-AP. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

[2] Screening pursuant to § 1915A is subject to this standard as well.



arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

*PJG*

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

With regard to civil actions seeking damages based on allegations that constitutional violations occurred in connection with legal proceedings that resulted in the incarceration or continued or extended incarceration of the plaintiff, the United States Supreme Court has stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, Heck bars a state prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged.

Heck's ruling was subsequently extended to a state prisoner's claim for damages regarding a disciplinary proceeding in Edwards v. Balisok, 520 U.S. 641 (1997). As in the instant action, the Edwards plaintiff alleged due process violations for procedures used in a disciplinary hearing. The disciplinary hearing resulted in the Edwards plaintiff's loss of thirty days of good-time credit. The Edwards Court concluded "that [Plaintiff's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Id. at 648.




Since the Edwards decision, the Supreme Court has limited the holding in Heck v. Humphrey in certain cases involving prison disciplinary proceedings. In Muhammad v. Close, 540 U.S. 749 (2004), the Court made clear that Heck does not apply "categorically to all suits challenging prison disciplinary proceedings" and further stated "these administrative determinations do not as such raise any implication about the validity of the underlying conviction, and although they may affect the duration of time to be served (by bearing on the award or revocation of good-time credits) that is not necessarily so." Muhammad, 540 U.S. at 754. In Muhammad, the plaintiff brought a § 1983 action challenging a pre-hearing lockup and a correction officer's alleged threatening behavior. The Muhammad plaintiff requested only monetary relief. The lower court "found or assumed that no good-time credits were eliminated by the prehearing action Muhammad called in question." Muhammad, 540 U.S. at 754. The Supreme Court went on to state:

> His § 1983 suit challenging this action could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence. That is, he raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that Heck's favorable termination requirement was inapplicable.

Id. at 754-55.

Here, Plaintiff's disciplinary conviction resulted in the loss of good-time credits and other sanctions. Plaintiff claims his right to due process was denied for various reasons, such as improperly rehearing his charge, improper communications, and denial of witnesses. A favorable determination on the merits of the Plaintiff's § 1983 claim would require a finding that the July 11, 2007 disciplinary hearing was void and invalid and would,

thus, imply the invalidity of the punishment imposed, part of which lengthened the time that Plaintiff will ultimately spend in prison.

Thus, in the present action, unlike in Muhammad, the challenged disciplinary proceeding *did* result in the loss of good time credits. A judgment in the plaintiff's favor in this § 1983 case would result in the restoration of his good-time credits and not simply an award of damages. Such a judgment and the corresponding grant of relief would be at odds with the "State's calculation of time to be served in accordance with [Plaintiff's] underlying sentence." Id. This is true because the good-time credits, whether taken by the disciplinary officer or restored by this or some other court, would change the amount of time that Plaintiff stays in prison either positively or negatively.

The court observes that Plaintiff could attempt to challenge his loss of good time credits via a habeas corpus action. In fact, habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, as opposed to monetary damages. Preiser v. Rodriguez, 411 U.S. 475 (1973). An inmate must appeal the denial of a Step 2 grievance to the South Carolina ALC and through the state court review process, SCACR 203(b)(6), before filing a habeas action seeking the restoration of good time credits in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion also required under 28 U.S.C. § 2241); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)



("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."); Al-Shabazz v. South Carolina, 527 S.E.2d 742, 750 (S.C. 2000) (stating that an inmate may seek review of a decision by the South Carolina Department of Corrections involving certain prison administrative decisions that affect an inmate's sentence, such as disciplinary decisions, from the South Carolina ALC); S.C. Code Ann. § 1-23-610 (providing that a party who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court).

The United States Supreme Court has case addressed the "legal journey" through the habeas/§ 1983 quagmire, stating:

> [T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

Wilkinson v. Dotson, 544 U.S. 74 (2005). The Court further stated that the Preiser, Heck, and Edwards line of cases

> . . . taken together indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Id. at 81, 82.

Based on the relevant case law, the court finds that in the case at bar, where the administrative action affected Plaintiff's credits toward release based on good time served and Plaintiff has not alleged that his institutional disciplinary violation conviction and

sentence have been invalidated, his § 1983 claims based on an allegedly improper disciplinary hearing and related matters are not cognizable at this time.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.  See Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Haines, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce, 595 F.2d 948; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).