IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Maurice L. Morant, #285174, ) | |
| ) | C.A. No. 0:10-3064-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Angeline R. Brown; James E. Sligh, Jr.; ) | |
| Joel E. Anderson; Shirley Haitfield; Cpl. ) | |
| Kenneth Baldwin; Sgt. A. Marquez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Maurice L. Morant, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on December 2, 2010 against Angeline R. Brown; James E. Sligh, Jr.; Joel E. Anderson; Shirley Haitfield; Cpl. Kenneth Baldwin ("Baldwin"); and Sgt. A. Marquez. Plaintiff is housed at Trenton Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On February 9, 2011, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed. On March 1, 2011, Plaintiff filed objections to the Report and Recommendation.

**BACKGROUND**

Plaintiff alleges due process violations in connection with a disciplinary proceeding and a loss of good-time credits. Entry 1 at 2. Plaintiff alleges the following facts surrounding these claims. On June 28, 2007, at the Wateree Correctional Institution, Plaintiff was charged with the disciplinary violation of "Threatening to Inflict Harm on Employee" by Baldwin. Entry 1 at 3. On

July 5, 2007, a disciplinary hearing was held at which Plaintiff was found not guilty of the charge. Plaintiff contends that Baldwin subsequently admitted to Plaintiff that he had no basis for the charge. Entry 1 at 3. On July 11, 2007, Plaintiff was recharged with the same violation and a rehearing was scheduled for July 18, 2007, before a different hearing officer. Entry 1 at 3-4. Plaintiff contends that the rehearing was the result of improper communications. Entry 1 at 3. The rehearing was later rescheduled and held on July 25, 2007. Entry 1 at 4. Plaintiff alleges that at the rehearing: 1) Baldwin changed his story; 2) Plaintiff was denied the right to call witnesses; and 3) Plaintiff was not permitted to talk about the prior hearing. Entry 1 at 4. Plaintiff was found guilty at the rehearing and sentenced to sixty days loss of good-time and one hundred and eighty days' loss of privileges. Entry 1 at 4.

Plaintiff filed a Step 1 grievance on August 7, 2007 related to the rehearing of his disciplinary charge and conviction. Entry 1-3 at 1. On September 13, 2007, a response to Plaintiff's Step 1 grievance was provided, which stated that their had been "no technical errors," that Plaintiff's rehearing had been "approved by headquarters," and that Plaintiff's grievance had been forwarded to the warden for a response. Entry 1-3 at 1. On October 9, 2007, Plaintiff received a response from the warden denying his grievance stating that: 1) SCDC headquarters had approved a rehearing on Plaintiff's charge based upon additional testimony; 2) the hearing officer at the rehearing conducted the hearing in a fair and impartial manner; and 3) the sanctions imposed were appropriate. Entry 1-3 at 2.

Plaintiff filed a Step 2 grievance on October 18, 2007 contesting the denial of his Step 1 grievance. On October 24, 2008, Plaintiff received a response, denying his Step 2 grievance because "the evidence presented was sufficient" to support Plaintiff's conviction, the sanctions imposed were

appropriate, and Plaintiff was afforded due process rights. Entry 1-2 at 1. On November 4, 2008, Plaintiff filed an appeal with the Administrative Law Court. Entry 1 at 4. At the time Plaintiff filed the within action in December 2010, Plaintiff had not yet received a ruling from the Administrative Law Court, despite several attempts by Plaintiff to obtain a ruling. Entries 1 at 5, 1-7 at 1-2. In the complaint, Plaintiff seeks compensatory and punitive damages as well as the restoration of his sixty days good-time credit. Entry 1 at 6. On January 21, 2011, Plaintiff received a ruling from the Administrative Law Court, dismissing Plaintiff's appeal and affirming his conviction. Entry 18-1 at 4.

## DISCUSSION

The Magistrate Judge recommended that Plaintiff's case be summarily dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 447 (1994). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982).

Plaintiff states two objections to the Report and Recommendation. In his first objection, Plaintiff claims that summary dismissal of his case would be unfair because Plaintiff could not meet the requirements of *Heck* by showing that his conviction was invalidated because the Administrative

3

Law Court refused to rule on his case. This objection is moot. Documents filed by Plaintiff with his objections show that the Administrative Law Court affirmed Plaintiff's disciplinary conviction on January 21, 2011.

Under *Heck*, if a successful claim for damages under § 1983 "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence," such a claim is not cognizable unless the plaintiff can demonstrate that his conviction or sentence has already been invalidated. 512 U.S. at 487. This doctrine has been extended to the context of disciplinary convictions. In *Edwards v. Balisok*, 520 U.S. 641, 647 (1997), the Supreme Court held that a prisoner cannot challenge prison procedures that deprived him of good-time credits seeking declaratory relief and money damages if the challenge would "necessarily imply the invalidity of the punishment imposed." In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court stated that to the extent that administrative determinations "do not . . . raise any implication about the validity of the underlying conviction" and do not "affect the duration of time to be served," *Heck* is not implicated. As the Magistrate Judge correctly noted, Plaintiff is challenging his conviction and his loss of good-time credits, bringing his claim under the *Heck* doctrine. The ruling of the Administrative Law Court indicates that Plaintiff's conviction has not been invalidated. Plaintiff's claim is therefore, not cognizable under § 1983.

In his second objection, Plaintiff contends, for the first time, that the § 1983 law book is missing from the library at the Trenton Correctional Institution, which denied him proper access to legal materials for his case. Entry 18 at 4. As a result, Plaintiff contends that he cannot be held accountable for his claim being improper and seeks the return of his $350 filing fee. *Id.* This objection does not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. *See Orpiano v. Johnson*, 687 F.2d at 47-48. Plaintiff's claim is not cognizable

under § 1983 pursuant to the *Heck* doctrine. Moreover, to the extent that Plaintiff seeks to add an access to courts claim to this case, such amendment would be futile as there is no evidence that Plaintiff has exhausted his administrative remedies with regard to such a claim. See 42 U.S.C. § 1997e(a) (prisoners are required to exhaust their available administrative remedies prior to bringing a § 1983 action). With regard to Plaintiffs request that his filing fee be returned, the court is without authority to grant this request. The Prison Litigation Reform Act permits prisoners to proceed without pre-paying court fees by proceeding in forma pauperis. See 28 U.S.C. § 1915(a), (b). However, a prisoner is "to pay the full amount of the filing fee" as funds are available. *Id.* Title 28, United States Code, Section 1915 does not permit a refund of a filing fee. *See Golden v. Kaiser*, 1 F. App'x 841, 842 n. 1 (10th Cir.1994) (no authority to refund filing fee after district court denies in forma pauperis status); *see also Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (the Prison Litigation Reform Act makes no provision for return of fees partially paid).

## CONCLUSION

Plaintiff's claims are dismissed without prejudice and without issuance of service of process as not cognizable under § 1983.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

July 14, 2011
Columbia, South Carolina